Ouria, per Woodworth, J.
I think the judge decided correctly. Propositions on either side, made by parties on a treaty for compromising their differences, if it be ineffectual, ought not to operate as evidence in a future contest. It seems to me that a different rule would be laying a snare for suitors, and calculated to entrap a party. It is taking advantage of expressions made in moments of confidence, when he is off his guard by the prospect of compromise. In this- case, there was the commencement of a negotiation. Ho objection was made to the justice of the demand; and the plaintiff might well have considered that there was a fair prospect of settlement. Under such circumstances, to permit loose expressions, not even going to the justice of the case, but merely to turn the party round to another action, while it would be impolitic and dangerous as a rule, would be opposed to the principle which seems to govern in cases of this kind. The reason often assigned by Ld. Mansfield was, that it must be permitted to men “to buy their peace,” without prejudice, if an offer to buy does not succeed. (Peak. Ev. 19.)
In Turner v. Railton, (2 Esp. Rep. 474,) Ld. Kenyon observed, “concessions made for the purpose of settling the business for which the action is brought, cannot be given in evidence; but facts admitted I have always received.” *202 (See also 1 Esp. Eep. 143.) The admissions of one party are, in general, evidence for the other; and the principle now assumed is not intended to interfere with that rule, except in cases where a treaty for compromise is proposed and pending; and where, from the facts disclosed, there is a reasonable prospect that it will *be carried into effect. When such a case is presented, nothing is more natural than for a party to suppose further litigation improbable; and particularly when the justice of the demand is not questioned. He would never suspect that the admission of a fact not going to the merits, but, at most, only constituting'a technical objection to the form of action, is to be made use of if the compromise fails; much less would he suspect that the application for a settlement, was made solely with a view to draw out admissions, for the purpose of driving the party to another action. I have no reference to the views or objects of the defendant, in making the application for a settlement in this instance. I have not the means of knowing them. I merely suggest what evils may result to one party, and what expedients may be resorted to by another, to defeat an adversary, if the doctrine coutended for by the defendant should be sanctioned.
The motion to set aside the verdict must be denied. [1]
Hew trial denied.

 This exclusion of an independent fact disconnected with, and not necessarily making any part of a proposition to compromise, is contrary to the whole current of English and American authorities. Jt seems not sustainable upon Turner v. Railton, (2 Esp. Rep. 474,) or Walridge v. Kennison, (1 id. 143,) cited and mainly relied upon by the learned judge, who delivered the opinion of the court; though the dictum of Lord Kenyon, in the latter cause, is certainly broad enough for the purpose. This dictum, might have been a better ground of reliance, however, were it not fearfully shaken by the very decision which followed in the same cause; and utterly overthrown by the subsequent decision of the same learned judge in Turner v. Railton. These two English cases go with the others cited by our author; and the same thing had been before held by several learned judges in Hew York, and by the court of errors itself in that state. Thus, in an action for a breach of marriage promise, the defendant sent a witness to compromise with the plaintiff, and, in the course of authorizing the negotiation, admitted the promise of marriage to the witness, his agent. Held, that the plaintiff might show this; and per Thompson, Ch. J. “ The communication made between the *203 parties, at the time of an attempted compromise, are alone privileged. The ao witness was not an authorized agent for both parties, and there has been an admission of a fact independent of the compromise.’’ Mount v. Bogert, Anth. N. P. Rep. 190; 3 C. H. Rec. 193, S. C.
It was remarked in the court of errors by a Senator, “ I am not prepared to admit that what a party may state as a fact, though the statement may be made in. the course of negotiation for a compromise, or may be connected with an offer to purchase peace, will not be as binding as if the fact had been disclosed in any other way. If a man says to me, ‘ I do not admit that I owe you anything; but, rather than be sued, I will give you a hundred dollars,’ it would be most unjust to suffer me to avail myself of this offer, to recover against him. But if one tells me, ‘I justly owe you a hundred dollars, and will give you fifty if you will give up your debt,’ I apprehend there is no rule of law so absurd and unjust as to prevent my availing myself of my debtor’s confession, because he connected with it an offer of compromise.” Murray v. Coster, 4 Cowen’s Rep. 635, per Golden, senator. In this case, it was held that an answer in chancery admitting the debt, but insisting on the statute of limitations, did not come within the rule which excludes offers of compromise; and that, accompanying a plea of the statute or standing alone, it is unavailable as destroying its own professed object. 20 John. Rep. 576; S. C., 4 Cowen, supra. The case as presented in the 20 Johnson, certainly goes farther, and seems to decide most plainly that an admission of a fact, though made in the course of a negotiation for a compromise, is receivable. The bill was to recover the plaintff’s share of the proceeds of goods sold by the defendants, being in nature of an action for money had and received, wherein the defendants may have a right to, and in this case did attempt to set up the statute of limitations. But it appeared by their answer that they had, in order to avoid litigation, offered to pay the plaintiffs their share without interest; but reserved the right to plead the statute, if the offer was refused, and insisted they were discharged by lapse of time. Held, “ that this was such an acknowledgment and admission of the debt as defeated the operation of the statute.” 20 John. Rep. 576. Such is the marginal note; and that such is a correct abstract will be seen by consulting the opinion of Spencer, Ch. J., at pp. 586 to 590. Here, then, is an admis' sion made avowedly and expressly with a view to compromise, to prevent litigation, and as a peace admission, though not a peace offer or proposition; and it was held receivable, and not privileged, because it was an admission of a fact.
In an action on an agreement for the defendants with the plaintiffs, to make a draw bridge, the plaintiffs offered to show that one of the defendants admitted to one of the directors of the plaintiffs, that the draw was not made pursuant to the contract; and in the same conversation it appeared the defendant had asked for terms of compromise. The admission being therefore rejected, on motion for a new trial, Hosmer, Ch. J., said, “ The law on this subject has been often misconceived; and it is time that it should be firmly established. It is never the intendment of the law to shut out the truth, but to repel any inference which may arise from a proposition made, not with design to admit the existence of a fact, but merely to buy one’s peace. If *203-1 an admission, however, is made because it is a fact, the evidence to prove it is competent, whatever motive may have prompted to the declaration. In illustration of this remark, it may be observed, that if A. offer to B. £10, in satisfaction of his claim of £100, merely to prevent a suit, or purchase tranquility, this implies no admission that any sum is due; and, therefore, testimony to prove the fact must be rejected, because it evinces nothing concerning the merits of the controversy. But if A. admit a particular item in an account, or any other fact meaning to make the admission as being true, this is good evidence, although the object of the conversation was to compromise an existing controversy. The question to be considered is, what was the view and intention of the party in making the admission; whether it was to concede a fact hypothetically, in order to affect a settlement, or declare a fact really to exist. There is no point of honor guarded by the court, nor exclusion of evidence, lest it should deter from a free conversation. But testimony of admissions or declarations, taking facts for granted, not because they are true, but because good policy constrains the temporary yielding of thorn to effectuate a greater good, is not admissible; truth being the object of evidence.” Hartford Bridge Company v. Granger and others, 4 Conn. Rep. 142. So in a suit to charge the defendant with the maintenance of a bastard child, it was offered to show that on the mother charging him with being the father, he told her that if she would not sue him, but keep the matter secrect, he would give her some money, &c., held admissible, within the case in 4 Conn. Rep. 142. Fuller v. The Town of Hampton, 5 Conn. Rep. 416. So in an action on a promise by the defendants (attorneys) to indemnify the plaintiff against arresting L., who had recovered against him for false imprisonment in making the arrest, which suit was defended by the defendants as attorneys, the plaintiff offered to shay that, while he and the defendants were together trying to effect a compromise, one of the defendants told him that he had charged him nothing for defending the suit brought by L, This was offered as a ground of inference that the defendant was a joint promissor to indemnify. The evidence was held admissible, as tending to the admissiou of a fact, or item, independent of an - offer of compromise. Marsh v. Gold, 2 Pick. 285, 290. So in an action for money had and received, it was offered to show that the defendant gave B., who applied to him in behalf of one of his creditors, between whom and the defendant a compromise was pending, a memorandum of the money due to the plaintiff; but it was to be confidential, and not to be shown to thv creditors. It was objected that here was a compromise pending. The court disallowed th'e objection. They said the rule is, that an offer to pay a sum of money to compromise a pending controversy is inadmissible; but this is confined to the mere offer of compromise. Any independent facts admitted during the treaty of compromise may be given in evidence as confessions. Gerrish, administrator v. Sweetser, 4 Pick. 314, 311. Again, “Ellery opposed the introduction of testimony to prove admissions made while a compromise was in contemplation. Livingston, contra. 1 Proposals made while a compromise is on the carpet, do not bind; but conversations, in which a fact is disclosed, may be admitted to prove it.' Of this opinion was the court.” Delogny v. Rentoul, 2 Mart. Lou. Rep. 175. Again, the plaintiff^ claimed that the defendant had bound him *203-2 self by his agent, Davis, to convey to the plaintiffs’ ancestor the legal title of certain land; and the defendant proposed terms of compromise not complied with; but in the same proposition admitted that Davis was his agent. Though this was the only evidence of the agency, yet the court received it, saying it was the admission of a fact no way connected with a mere offer of compromise, nor necessary to a compromise. Church v. Steele's heirs, 1 Marsh. Ky. Rep. 328. So in crim. con., the defendant, with a view to compromise, admitted to the plaintiff that he had been guilty of the imputed intimacy with his wife, and offered to take and bring up one of his children. Held, that intimacy was an independent fact, and might be given in evidence against him; that the offer, had it stood alone, would not be so; but following as it did the first admission, and appearing to be grounded on it as a consequence, the whole was receivable as a connected admission of the fact. It was like an express admission that $20 are due, and an offer to pay that sum. Sanborn v. Neilson, 3 N. H. Rep. 501, 508, 509.