By the Court.—Curtis, J.
The pleadings concede that it was the defendant’s duty, as a common carrier, to receive passengers and deliver them at such points on its railroad as they 'should wish to enter or leave its cars. The deceased, a boy of twelve years of age, was a passenger in one of defendant’s cars, occupying a seat in the front part of the car. The platforms and passage-way were- crowded with passengers. The rear platform was so full no one could get on or otf. At about Twentieth street the boy went towards the front of the car, and out upon the platform. When the car passed the lower corner of Nineteenth street and reached about the middle of the block, there was a break-up, as if breaks were being applied to the car, and when the corner of Eighteenth was almost reached, there was a jerk and an immediate stoppage of the car. The boy was found lying injured near the hind wheel of the car, his head not quite up to the upper Eighteenth street crossing. From this injury he died. There was snow on the side of the street from eighteen inches to three feet, which had been swept from the track and down to which it slanted, and the boy was lying between the snow and the side of the car.
The only witness who testified as to seeing how the injury occurred said, that he saw him on the instant of his coming down; it was all a flash ; that he was pushed off or fell off nolens volens ; that he could not say whether he was pushed or fell; that it came to his mind that may-be he was not holding on and the shook of the car threw him ; that so far as he knew he may have been jerked off, or pushed off; and that he did not know how it was done ; that he saw the boy stand-, ing perfectly still, and that he made no motion as if going to jump from the car.
*13 This evidence fails to show that the boy’s injury was caused by any act or neglect of the defendants, or of their servants. He may have been pushed off, or jerked off by their carelessness, or he may have accidentally slipped or fallen from the car as he was preparing to alight when it should stop, or he may have jumped from the car without making any motion as if going to do so. If bare probabilities are considered it is difficult to see what they tend to show, and in this case the circumstances proved are insufficient to establish negligence on the defendant’s part after he came out on the platform. It does not appear that the movement of the car was unusual when the brakes were applied to stop it, as it approached Eighteenth street. If it had been left to the jury to find whether the injury occurred through the carelessness of defendant's servants, and they had found that it did so occur, there is no evidence in the case sufficiently direct or positive to sustain such a finding. There must be something more shown than a probability of defendants’ negligence ; there must be some element of moral certainty, and exclusion of reasonable doubt. Justice requires that it should be proved that defendants committed the wrong, before they can be adjudged liable.
It was the duty of the railroad company in carrying passengers, in view of their condition, age, sex, or infirmity to exercise care and judgment in receiving and delivering them. This is a part of the consideration they render for the fare paid by the passenger. If it is disregarded, and the passage-way and rear platform are crowded with passengers, the only mode of egress left is by the front platform, and that mode selected by the deceased seems to have been both natural and reasonable under the circumstances.
On the trial the counsel for the plaintiff. offered to prove that the president of the defendants, after causing this accident to be investigated, sought and obtained *14 an interview with the plaintiff; and thereat, before this action was commenced or contemplated, or counsel was consulted by the plaintiff, the said president endeavored to settle the matter with the plaintiff, and offered to pay the plaintiff a sum of money in settlement thereof, and did not then or since question or deny the liability of the defendant.
The counsel for the defendant objected to the introduction of any such evidence, the objection was sustained, and the plaintiff’s counsel excepted.
The offer is not to prove that the president of the defendants admitted or denied their liability, even if he had the power to bind them by such admission. It is an offer to show that the president proposed to pay the plaintiff a sum of money, in the course of negotiations for a settlement of the plaintiff’s claim. The court properly excluded it. It is the policy of the law to favor the settlement of variances and controversies. The welfare of the community is protected by it. The admission of this class of testimony, would tend to prevent compromises and settlements of differences (Waldridge v. Kennison, 1 Esp. R. 143 ; Turner v. Railton, 2 Id. 274 ; Williams v. Thorp, 8 Cow. 202 ; 1 Green. Ev. § 192).
The judgment appealed from, should by affirmed with costs.
Sedgwick, J., concurred.