(February 25, 1888.)

## SEBREE et al. v. SMITH.

### [16 Pac. 915.]

Evidence.—Offers of settlement of a suit not accepted are not admissible against the party making them on the trial of the action.

Exceptions—Settlement of, by Judge After Trial.—An agreement of parties to an action on trial, appearing in the record, that exceptions taken at the trial may be settled at another time, is sufficient to authorize the trial judge to settle a bill of exceptions or statement after the trial.

Pleadings—Section 4841 Construed.—Under section 4841 the district court may allow amendments to the pleadings in an action appealed from the justice or probate court.

ORAL STIPULATIONS OF ATTORNEYS—COURT WILL NOT CONSIDER UN-
LESS IN OPEN COURT.—The court will not attempt to determine
the nature or effect of disputed oral stipulations of litigants or
attorneys affecting the rights of parties or the conduct of the
trial, and it will not enforce such stipulations unless the attorneys
agree in open court as to what they are, nor will they be considered
on appeal, unless they are made a part of the record.

CLAIM AND DELIVERY—DAMAGES FOR USE OF—MEASURE OF DAMAGES.—
In an action of claim and delivery, where the property sought to
be recovered is valuable for use aside from its intrinsic value,
and the prevailing party claimed damages for the loss of its use
in his pleadings, the measure of damages is the value thereof and
the reasonable value of its use during its detention. In deter-
mining value of its use, the taxes which the prevailing party
would have paid had he retained possession thereof and the usual
and ordinary risk incident to the possession thereof should be con-
sidered.

ATTORNEYS AS WITNESSES FOR CLIENT.—Attorneys should offer them-
selves as witnesses for their clients only in case of extreme neces-
sity.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

Kingsbury & McGowan, for Appellants.

Any implied admission of liability in an offer to settle a
suit cannot be given in evidence against the party making the
offer. (*Marsh v. Gold,* 2 Pick. 290; *Laurence v. Hopkins,* 13
Johns. 288; *Rideout v. Newton,* 17 N. H. 71; *Perkins v. Rail-
road Co.,* 44 N. H. 223; *Gerrish v. Sweetser,* 4 Pick. 374;
*Batchelder v. Batchelder,* 2 Allen, 105; *Saunders v. McCarthy,*
8 Allen, 42; *Harrington v. Lincoln,* 4 Gray, 563, 64 Am. Dec.
95; *Gay v. Bates,* 99 Mass. 263; *Durgin v. Somers,* 117 Mass.
55.) Even where the offer is made under the statute, and ad-
mits as a fact there is an amount due, it cannot be given in evi-
dence. (Code, secs. 606, 678.)

A. F. Montandon, for Respondent.

For the breach of an obligation not arising from contract,
the measure of damages is the amount which will compensate
for all the detriment proximately caused thereby. (Code Civ.
Proc., sec. 4453; Sedgwick on Damages, 4th ed., p. 88, and note;
*Boyle v. Case,* 18 Fed. 800.) The value is the proper rule in

the case in hand. (*Butler v. Mehrling,* 15 Ill. 488; *Kenyon v. Goodall,* 3 Cal. 257; *Allen v. Fox,* 51 N. Y. 562, 10 Am. Rep. 641; *Williams v. Phelps,* 16 Wis. 80; *Crabtree v. Clapman,* 67 Me. 326; *Elder v. Frevert,* 18 Nev. 446, 5 Pac. 69.) When the same goods are sold to two different persons, by conveyances equally valid, he who first lawfully acquires the possession will hold them against the other. (*Lanfear v. Sumner,* 17 Mass. 110, 9 Am. Dec. 119, and note; *Clow v. Woods,* 5 Serg. & R. 275, 9 Am. Dec. 346.)

BUCK, J.—Action of replevin brought to recover two mules. Originally there were two actions, one for each mule, but they were consolidated on the trial by the consent of parties. The action was commenced in the probate court of Alturas county, and thence taken by appeal to the district court. It was tried in the district court, at the June term thereof, 1887, and judgment rendered for the defendant. Motion for a new trial was made and overruled, and an appeal taken to this court from the judgment and from the order overruling the motion for a new trial. The appeal from the order overruling the motion for a new trial was dismissed, on the ground that no undertaking had been filed as required by statute, and the cause now to be considered is on the appeal from the judgment alone.

In the district court the defendant was allowed to amend his answer on terms, under objection by the plaintiffs, to which ruling the plaintiffs excepted, and which they have specified as error. Section 4841 of the Code of Civil Procedure, provides that the district court has the same power to grant amendments on appeal from probate and justices' courts that it does in suits commenced in the district court. It is also claimed that said amendment was contrary to the stipulation of parties when the consolidation of the two actions was made; and affidavits are sent up in the transcript to prove such stipulation. No stipulation of the kind appears in the record of the case, and this court cannot go outside of the record to consider affidavits to prove oral stipulations of the parties. Such stipulations when made should be entered of record, or reduced to writing and filed with the other papers in the case. The amendment was within the discretion of the court, and properly allowed.

The appellants specify as error the refusal of the court to strike out the evidence of A. F. Montandon, attorney for defendant, who was sworn as a witness on behalf of his client. The evidence objected to is as follows: "Mr. Holt came to my office, and offered to return the mules to Smith, if he wanted to dismiss the suit." This evidence was given by the witness without any warning of its character, and the attorney for plaintiffs had no opportunity to object to it before it was given. He immediately moved that it be stricken out as "testimony showing an offer of settlement," which motion was overruled, and exception noted. The overruling of the motion to strike this evidence out is assigned as error. In the case of *Connolly v. Straw,* 53 Wis. 648, 11 N. W. 17, referring to the practice of attorneys appearing as witnesses in behalf of their clients, the court says: "As a general rule, no doubt, attorneys should not be witnesses for their clients. The sentiment of the profession is against it, and for very satisfactory reasons; yet cases may arise, and in practice often do arise, in which there would be a failure of justice should the attorney withhold his testimony. In such a case it would be a vicious professional sentiment which would deprive the client of the benefit of his attorney's testimony. The attorney will decide for himself whether he ought to become a witness. If he resolves the question in the affirmative, a nice sense of professional propriety will no doubt prompt him, as did the attorney in the present case—that is, to surrender the management of the case to others. Of course, an attorney should not accept a retainer if he knows in advance that he will be a material witness for the party seeking to employ him. But a breach of professional ethics in this respect does not necessarily involve moral turpitude, or affect the credibility of the attorney who becomes a witness for his client. In such a case the jury may consider the relation of the witness to the parties in determining the weight which should be given to the testimony." In *Alger v. Merritt,* 16 Iowa, 121, the court says: "No attorney having a just conception of his true and proper position will willingly unite the character of a counsel and a witness in the same case, for experience has shown that those who on repeated occasions allow themselves to be thus used are certain to feel most keenly the consequences of their

indiscretion. Some courts have excluded such testimony entirely, because public policy and the integrity and welfare of the profession dictate that no one should be at the same time both advocate and witness for his client. Such testimony is not excluded in this state; but if a party is really taken by surprise, we would not deny him a new trial because of his failure to throw his attorney into the witness-box, to, if possible, save himself from the consequences of such surprise." The above extracts indicate the jealous care with which courts guard the interests of litigants and the ethics of the profession. They indicate clearly that courts will more readily grant new trials or other relief when the cause of complaint has its foundation in the indiscretions of the attorneys practicing under license of the court, and whose honesty and sense of honor the court guarantees in granting licenses to practice. The practice of an attorney giving evidence on behalf of his client should be indulged in, only in cases of urgent necessity, and when he does so he should give his evidence with absolute fairness. If he has no associate counsel, and makes his statement without questions, the opposing attorney is unable to protect his client from the effect of improper statements made within the hearing of the jury. Striking out such evidence cannot efface it from the memory of the jurors. The evidence given in this case seems inadmissible under the established rules of practice, and ought to have been stricken out. (1 Greenleaf on Evidence, sec. 192; *Barker v. Bushnell,* 75 Ill. 220; *Rideout v. Newton,* 17 N. H. 71; *Williams v. Thorp,* 8 Cow. 201; *Marvin v. Richmond,* 3 Denio, 58; *Home Ins. Co. v. Warehouse Co.,* 93 U. S. 546.)

The respondent objects to the consideration of the errors of law claimed to have been committed on this trial, for the reason that the exceptions thereto were not settled at the time that they were taken. Section 4426 of our Code of Civil Procedure enacts that, except as to such decisions as are deemed excepted to under section 4427 of the code, "the exceptions must be taken and settled at the time the decision is made, and no order of court shall be made for the settlement of such exceptions at any other time, except by the agreement of parties." The record shows a stipulation of the parties made on the trial, and entered in the record, whereby it was agreed that such excep-

tions might be settled at another time; and it is sufficient to authorize the judge to settle the same at any time within the terms of the stipulation.

The appellants object to the rule of damages given by the court in its instructions to the jury. It was as follows: "You are instructed that in case you find all or any part of the property was wrongfully taken from the defendant the measure of damages is the value of the property so wrongfully taken at the time of the taking, with the reasonable value of the use of the mules or mule from the taking to this date; but in estimating the value of the use of the animals you should take into consideration the taxes the defendant would have had to pay had he retained possession of them, and also the usual and ordinary risk incident to the possession of such property." We think this instruction states the correct measure of damages in this case.

For the reasons above given the judgment is reversed, and the cause remanded for a new trial.

Hays, C. J., and Broderick, J., concur.