**[No. 3802.]**
The Chicago, Burlington & Quincy Railroad Co. v. Roberts.

EVIDENCE—OFFERS OF COMPROMISE.
An offer to pay any sum by way of compromise in settlement of a claim is not admissible in evidence against the party making the offer as showing an acknowledgment of liability.

*Error to the Court of Appeals.*

Messrs. Wolcott & Vaile (Mr. W. W. Field, of counsel), for plaintiff in error.

Mr. J. E. Garrigues, for appellee.

Per Curiam. The defendant in error, Roberts, commenced this action against the Chicago, Burlington & Quincy Railroad Company before a justice of the peace to recover damages for killing a horse. It was taken on appeal to the county court, where there was a judgment for plaintiff. An appeal was taken by the company to the court of appeals, where the judgment of the county court was affirmed. *Chicago, Burlington & Quincy Railroad Co.* v. *Roberts*, 10 Colo. App. 87. To review this judgment of the court of appeals, the company brings the case here on error.

Numerous errors are assigned upon the rulings of the court of appeals, but those principally relied on for reversal are predicated upon its ruling as to the admissibility and effect of a certain letter received in evidence upon the trial of the cause. While the ruling is important in this case, since, without the letter, the testimony tending to show that the plaintiff's horse was killed by or through the negligent operation of defendant's train was very meager, the real importance of the question is found in the far-reaching effect that its determination may have upon future negotiations by railway companies in the settlement, out of court, of like claims. The letter in question was claimed by plaintiff to have been received in answer to a letter written by him to the claim agent of the company, and is as follows:

"Burlington and Missouri River Railroad
in Nebraska.

"C., B. & Q. R. R. Co., Owner.

"Division Superintendent's Office.

"McCook, Neb., Nov. 23, 1893.

"W. W. Roberts,

"Hudson, Colorado.

"Dear Sir: Referring to your claim, C. S. 371, I have investigated the matter and find that we have been paying from thirty dollars to thirty-five dollars for such horses as yours.

I can allow you thirty-five dollars in settlement of your claim, which, at the present price for horses, I think is all that you are entitled to.

" If this amount is satisfactory, on receipt of your acceptance a draft will be sent you in care of our agent at Hudson.

" Yours truly,

" (Signed)        E. Hanson,

" Claim Agent."

While it is true, as stated by the court of appeals, that the letter written by plaintiff was not produced, yet we think it was mistaken in saying that there was no evidence of its contents.  It sufficiently appears from the statement of plaintiff that it was a notice to the agent of the accident, describing the horse and making a claim for its value, and was manifestly a proposition made to the company for the purpose of obtaining a settlement of the claim out of court.  The Hanson letter, when read in the light of this circumstance, is at most a refusal to accede to the proposition so made, and is a counter proposition of settlement, conditioned upon its acceptance by plaintiff, and was not, as the court of appeals construed it to be, an acknowledgment of liability upon investigation made, and an offer, based on such investigation, to pay what the company regarded as the full damages sustained.  The investigation referred to was not as to the liability of the company, but the matter investigated was, as plainly stated, as to the price the company had been paying for such horses, not as their full value, but the usual allowance which the company had been making by way of compromise, for horses found injured along its right of way.  If it is permissible to indulge in suppositions, we should differ from the court of appeals, and think it is more reasonable to suppose that railway companies do, as a matter of policy and economy, pay a reasonable sum in settlement of such claims for damages, without reference to the question of liability, since, if a compromise can be effected upon a reasonable basis, it is cheaper for the company to do so than to be at the expense of litigation, especially as experience shows that a sub-

mission of such cases to a jury generally leads to but one result. We think the court of appeals is therefore in error in holding that there is nothing on the face of the letter to indicate that it was intended as an offer of compromise; but it seems clear to us that the plain meaning and purport of its language is nothing more nor less than an offer to pay $35.00, by way of compromise, if plaintiff would accept the same in satisfaction of his claim; and comes clearly within the rule that excludes evidence of this character. As stated in the case of *Gerrish v. Sweetzer*, 4 Pick. 373:

"The rule undoubtedly is, that an offer to pay any sum by way of compromise of a pending controversy, is not to be given in evidence against the party making it. This rule is founded in policy, that there may be no discouragement to amicable adjustments of disputes, by a fear, that if not completed, the party amicably disposed may be injured."

The following are a few of the many cases to the same effect: 1 Am. & Eng. Ency. of Law (2d ed.), p. 714; *West v. Smith*, 101 U. S. 263; *Patrick v. Crowe*, 15 Colo. 543; *Payne v. Forty-second, etc., St. Ry. Co.*, 8 J. & S. 8; *Fink v. Lancashire Ins. Co.*, 60 Mo. App. 673; *International & G. N. R. Co. v. Ragsdale*, 2 S. W. Rep. 515; *Eldridge v. Hargreaves*, 30 Neb. 638; *Louisville, etc., Ry. Co. v. Wright*, 115 Ind. 378.

It becomes unnecessary to determine whether the court of appeals was correct in holding that the circumstances under which the letter was received were sufficient to obviate the necessity of any evidence as to the authority of Hanson to represent the company, and the genuineness of his signature, since, if both be conceded, it was inadmissible, for the reasons given. In our opinion the admission of this letter in evidence constitutes reversible error, since it is not to be presumed that the jury would have found the company liable upon the other testimony introduced. The judgment of the court of appeals will be reversed and the cause remanded, with direction to reverse the judgment of the county court and award a new trial.

*Reversed and remanded.*