'(July 9, 1907.)

## FRED E. WHITNEY, Respondent, v. W. C. CLEVELAND, Appellant.

[91 Pac. 176.]

DAMAGES—HERDING AND GRAZING SHEEP—TWO-MILE LIMIT LAW— OWNERSHIP OF SHEEP—EVIDENCE—OFFER TO COMPROMISE—WHEN ADMITTED AS EVIDENCE.

1. The rule is well established that an offer to compromise is not admissible in evidence, but that if an independent admission of a fact such as the handwriting of a party or that a certain item of an account was correct, such independent admission may be introduced.

2. *Held,* that an offer to compromise was improperly admitted in evidence, and further *held* that the offer to compromise was not proper rebuttal. The question whether in the offer to compromise a collateral or independent fact has been admitted by one of the parties is a question for the court to determine, and not a question for the jury.

3. Impeaching questions should not be permitted unless a proper foundation is laid therefor.

4. *Held,* that the instructions properly define the term "pre-. ponderance of the evidence."

(Syllabus by the court.)

APPEAL from the District Court of Fourth Judicial District for Elmore County. Hon. Lyttleton Price, Judge.

Action to recover damages for the unlawful grazing and herding of sheep.  Judgment for the plaintiff.  *Reversed.*

Perky & Blaine and L. B. Green, for Appellant.

It is not even shown that the sheep were herded or permitted to graze in the sense contemplated by the statute, as interpreted by this court in *Phipps v. Grover,* 9 Idaho, 415, 75 Pac. 64.

No evidence of an unsuccessful offer to compromise can be admitted over the objection of either party.  (1 Rice on Evidence, 435; 1 Ency. of Ev. 596; *Kroetch v. Empire Mill Co.,* 9 Idaho, 277, 282, 74 Pac. 868; *Sebree v. Smith,* 2 Idaho, 359, 362, 16 Pac. 915.) ·

The law only allows the introduction in evidence of offers to compromise, which are accompanied by some statement of fact which can be divorced from the offer itself; and courts are careful to draw the line.  (*Rose v. Rose,* 112 Cal. 341, 344, 44 Pac. 658; *Smith v. Satterlee,* 130 N. Y. 677, 29 N. E. 225; *Kierstead v. Brown,* 23 Neb. 595, 37 N. W. 471, 478; *Houdeck v. Ins. Co.,* 102 Iowa, 303, 71 N. W. 354; *Home Ins. Co. v. Warehouse Co.,* 93 U. S. 527, 23 L. ed. 871; *West v. Smith,* 101 U. S. 263, 25 L. ed. 813.)

It was error to deny appellant the opportunity to prove statements of respondent's witnesses as to relevant facts which were contradictory of, and inconsistent with, the testimony given at the trial.  (*State v. Crea,* 10 Idaho, 88, 96, 97, 76 Pac. 1013.)

W. C. Howie, for Respondent.

Appellant's own evidence shows that he did not then question the fact that it was his sheep; the only thing he questioned was the amount of damage.  So under the conditions it was perfectly proper for us to ask the question, to show his admission of the fact as to whose sheep it was.  (1 Greenleaf on Evidence, sec. 192; 1 Ency. of Ev. 596, and note; *Hood v. Tyner,* 3 Ind. App. 51, 28 N. E. 1033; *Moore v. H. Gans & Sons Mfg. Co.,* 113 Mo. 98, 20 S. W. 977; *Jeness v. Jones,* 68 N. H. 475, 44 Atl. 607; *Chicago B. & Q. Ry. Co. v.*

*Roberts*, 10 Colo. App. 87, 49 Pac. 428; 26 Colo. 329, 57 Pac. 1076.)

No proper foundation was laid for the impeaching questions objected to, as is required by section 6083 of our code, nor the general law of evidence. (7 Ency. of Ev., secs. 96, 106, 109, 111.)

SULLIVAN, J.—This action was commenced in the probate court of Elmore county to recover for damages alleged to have been sustained by reason of the defendant herding and grazing his sheep on the land of plaintiff and within two miles of his residence under what is known as the two-mile limit law. Judgment was rendered in favor of the plaintiff and an appeal was taken by the appellant to the district court of said county, where the cause was tried *de novo.* Upon the trial of the case in the district court the jury returned a verdict in favor of the respondent for $125 and costs of suit. A motion for a new trial was overruled and this appeal is from the judgment and the order overruling the motion for a new trial. The errors relied upon are the insufficiency of the evidence to justify the verdict and in the admission and rejection of certain testimony, and in the giving of a certain instruction. One of the main contentions is that the evidence does not show that the sheep mentioned in the complaint belonged to the appellant.

We have examined all of the evidence contained in the record, and it is shown that the sheep which it is alleged did the damage bore two brands; about five-sixths of them were branded V. T. and about one-sixth with a blotch or dot U. or a horseshoe dot brand. The latter brand is designated in the evidence as the horseshoe dot by some of the witnesses, and by others as the dot U. brand. It was admitted by the appellant in his testimony that his sheep bore those brands, but his evidence tended to show that his sheep were not on or near plaintiff's ranch, and for that reason could not have been the cause of the damage sustained by plaintiff. The plaintiff introduced no direct evidence as to the fact that appellant owned said sheep. He only showed that the brands on the sheep were the same brands used by appellant.

It appears from the record that the attorney for the respondent had some communication with the appellant in regard to the damage done by said sheep prior to the time this suit was brought, and that the appellant offered as a compromise to pay $25 in full settlement of said matter, which offer was refused by respondent. On cross-examination of the appellant he was asked the following question: "Q. You offered him $25 for the damages suffered from your sheep, did you not?" Thereupon objection was interposed by counsel for appellant on the ground that that was not proper cross-examination, and incompetent for any purpose, as it was an offer to compromise. The court thereupon stated as follows: "It is not competent to show that there was any damage sustained, but it would be directly in rebuttal of matters called out on cross-examination. The tendency of your testimony is to show that he had no sheep there. It would be competent to rebut that if nothing else," and thereupon overruled the objection. The witness thereupon answered as follows: "I told him I would give him $25 to make him a present, but I did not consider my sheep had done him any damage." The witness on redirect examination testified that all he knew about the sheep having been there was what respondent's counsel had written him, that he had written him and threatened him with a suit. Witness further testified as follows: "I had not seen my men about it. My object was merely to save the trouble and expense of suit regardless of any merits of the claim, on the theory that it was cheaper to give him a little something than to fight him in court. I never at any time admitted that my sheep had damaged him at all." Whereupon the court instructed the jury as follows: "You understand, gentlemen, in this controversy in regard to Mr. Cleveland's offer to pay $25, that the court does not admit that for the purpose of showing that the plaintiff suffered damage by reason of any sheep being there, but it is admitted for the purpose of rebutting, if it does rebut, in your estimation, Mr. Cleveland's testimony as to the whereabouts of his sheep during the period mentioned."

It is contended by counsel for appellant that the offer to pay $25 was an unsuccessful offer to compromise, and under the well-established rules of law such offer cannot be legally admitted in evidence.  The rule is well established that an offer made in an effort to compromise a cause of action cannot be legally admitted in evidence over the objection of the opposing party.  (1 Ency. of Ev. 596; *Chicago etc. R. Co. v. Roberts,* 26 Colo. 329, 57 Pac. 1076; *Sebree v. Smith,* 2 Idaho, 359, 16 Pac. 915; *Kroetch v. Empire Mill Co.,* 9 Idaho, 283, 74 Pac. 868; 1 Greenleaf on Evidence, sec. 192; *Smith v. Satterlee,* 130 N. Y. 677, 29 N. E. 225.)  It is stated in 1 Rice on Evidence, at page 435, as follows: "It is never the intention of the law to shut out the truth, but to repel any inference which may arise from a proposition made, not with a design to admit the existence of a fact, but merely to buy one's peace.  If an admission, however, is made because it is a fact, the evidence to prove is competent, whatever motive may have prompted to the declaration.  But if the party admits a particular item in an account, or any other fact, meaning to make the admission as being true, this is good evidence, although the object of the conversation was to compromise an existing controversy."  And it is stated in *West v. Smith,* 101 U. S. 273, 25 L. ed. 809, that the rule both in England and in the United States is that the offer will be presumed to have been made without prejudice if it was plainly an offer of compromise.  While it is true that the evidence on the part of appellant tended to show that the appellant's sheep were not the ones that did the damage, it is also true that the appellant did not admit, so far as shown by the record, in his conversation with respondent, in which this offer of compromise was made, that his sheep were ever on the appellant's ranch or did the damage.  Appellant testified that all he knew about his sheep being there was what the attorney for the respondent had written him about it; that he had not seen his own men in regard to the matter, and that his object in offering $25 was to save the trouble and expense of a suit, regardless of any merits of respondent's claim.  If during appellant's conversation with

the respondent in regard to the compromise he had admitted that his sheep had been upon the ranch of respondent, and thereafter denied that they were there, that admission might have been introduced in evidence under the well-established rules of law. From the record we have before us, that question as presented was one of law—that is, whether the offer to compromise contained the extrinsic statement of fact that the sheep were the sheep of appellant. Such statement should have been permitted to go to the jury on the question of whether the sheep did belong to the appellant or not. That question of law should have been determined by the court before permitting that evidence to go to the jury. It is true the court instructed the jury that appellant's offer to pay $25 was not admitted for the purpose of showing that plaintiff had suffered damage by reason of the sheep being there, but it was admitted for the purpose of rebutting appellant's testimony as to the whereabouts of his sheep during the period mentioned. This instruction was clearly erroneous, and it was the duty of the court to determine whether the offer of compromise was proper rebuttal or not, and not leave that question to the jury; or, in other words, whether it contained any matter of fact showing that the appellant admitted that his sheep were the ones that did the damage. If during that conversation the appellant had admitted that his sheep were the ones that were upon the ranch of the respondent, that fact might have been admitted, but as he did not—so far as the record shows—it was error to admit said offer to compromise. And as we view it, that instruction of the court only emphasized the matter of said compromise, and assisted, in the minds of the jury, in helping out the very meager evidence upon the question of the ownership of the sheep. We do not believe from all of the evidence in the record that it appears from a preponderance thereof that said sheep were the sheep of the appellant, and it is easily perceived what effect an offer to compromise would have upon the minds of the jury under said state of facts. The action of the court in that regard was clearly erroneous.

It seems to have been a question of the identity of the sheep that did the damage and as to whether they belonged to the appellant.

Assignments of error numbers 4, 5, 6, 7, 8 and 9 are based on the rulings of the court in sustaining respondent's objections to questions which were designed to impeach the respondent and one of his witnesses. As no proper foundation had been laid for such impeachment, it was not error for the court to sustain the objections to such questions.

It is contended that the court erred in giving its third instruction to the jury, for the reason that the element of preponderance of evidence was omitted from this instruction, as that instruction does not define what is meant by a preponderance of the evidence. Instruction No. 7 clearly and fully defines that term, and there is nothing in that contention.

From the foregoing we arrive at the conclusion that the judgment must be reversed and a new trial granted, and it is so ordered, with costs in favor of the appellant.

Ailshie, C. J., concurs.