[No. 5474.]
[No. 3144 C. A.]

## The Denver & Rio Grande Railroad Company
## v. Brennaman.

1. **Statutes Construed—Time of Taking Effect**—The phrase, "six months after the passage of this act," in section 2 of the Act of March 14, 1902 (Laws 1902, 23), imports, "after the approval of the act."—(265)

2. **Evidence — Admission—Offer of Compromise**— A mere offer of compromise, not admitting liability, is not admissible in evidence against the party making it.—(267)

3. **Damages—Evidence**—A railway company is not to be assessed the full value of an animal injured by one of its trains, but not seriously, though the animal is afterwards shot, no evidence being given as to the person by whom it was shot nor of any necessity to put it to death.—(266)

*Appeal from Costilla District Court*—Hon. C. C. Holbrook, Judge.

Messrs. Wolcott, Vaile & Waterman, and Mr. George T. Sumner, for appellants.

Mr. Z. T. Bronk, for appellee.

Mr. Justice Musser delivered the opinion of the court:

Appellee brought this action to recover for injury to his horse, which he claims was struck by a locomotive of the appellant, in December, 1902. There are no pleadings, as the action was commenced before a justice of the peace, taken on appeal to the county court and from thence removed to the district court by stipulation of the parties. There is no evidence of negligence on the part of appellant, and, if it is at all liable, it is by reason of its failure to fence its right-of-way as provided in an act of the general assembly of this state, approved March

14, 1902. The appellant, in its assignment of error and its brief, questioned the constitutionality of this act, but, in a supplemental brief and on the oral argument, counsel expressly waived that question and withdrew it from the consideration of this court, so that, for the purposes of this case, the constitutionality of the act is not before us.

The act was without an emergency clause, and under section 19 of article 5 of the constitution of this state, took effect "ninety days after its passage." Appellant claims that, under the provisions of the aforesaid act, the company had six months after the act took effect within which to erect a fence, and that it would not be liable, under the statute, for any injury inflicted before the expiration of this six months. It claims that the six months expired December 14, 1902, and, inasmuch as the plaintiff did not prove his horse was injured after that date, that he cannot recover. The injury occurred some time in December.

Section 2 of the aforesaid act provides "that every railroad company or corporation whose lines or road, or any part thereof, is open to use, shall, within six months after the passage of this act, * * * and thereafter maintain fences on the sides of their roads, etc.," and further provides "that so long as such fences * * * shall not be constructed after the time hereinbefore prescribed for making the same had elapsed, * * * such railroad corporation shall be liable for any and all damages, etc."

The words, "ninety days after its passage," in the constitutional provision aforesaid, have been held to mean ninety days from and after its approval.—*Wall v. Garrison,* 11 Colo. 515, 517.

As the limitation in the act extends beyond the time the act was to go into effect, the word "passage" in the statute certainly means the same as the

word "passage" in the constitution, and therefore the words "six months after the passage of this act" in the statute, mean six months after the approval of the act, so that the six months provided in the act within which a railroad company should erect a fence expired in September, 1902, instead of December, as contended for by appellant.

The record before us reveals that some incompetent testimony, that was purely hearsay, was admitted on behalf of the plaintiff. Stripped of this incompetent testimony, and the letter hereafter mentioned, the evidence that the locomotive struck the horse was somewhat meager, nor does it appear that the injury inflicted by the locomotive, if any was so inflicted, was sufficient to permanently disable the animal. The horse was not killed by the locomotive. Assuming that it was struck, the animal was seen some time afterwards, about 125 yards from the track, with a cut on its hip. It does not appear that this injury was severe, or that the animal would not have recovered. Some time after this, how long does not appear, the animal was found lying dead on the other side of the track with a bullet hole in its forehead. The plaintiff himself testified that the shot killed the animal. There is no testimony whatever that it was necessary to shoot the animal on account of its injuries. Who shot the animal does not appear, except from purely hearsay testimony. From aught that appears, the killing may have been unnecessary and wanton, and by some one for whose acts the appellant was in no wise responsible. The jury returned a verdict for the full value of the animal.

The plaintiff, over the objections of the defendant, was permitted to introduce in evidence a letter received by him, and which is as follows:

"The Denver & Rio Grande Railroad System.
               "Office of Claim Agent,
                         "Denver, Colo.

                              "December 3rd, 1903.
"Mr. J. C. Brennaman,
          "Fort Garland, Colo.

"Dear Sir: I beg to say, in reply to your favor of recent date, that while we feel very sorry that you should have had the misfortune to lose a horse, yet I really do not see how we can consistently increase the offer already made you to effect a compromise.

                    "Yours truly,
          (Signed)   "C. S. Mitchell, Claim Agent."

This letter shows plainly on its face that it relates only to an effort on the part of the writer to compromise with the plaintiff his claim for damages. It admits no liability. An offer of a sum of money by way of a compromise ought not to be admitted in evidence against the party making it, and, as certainly, a letter showing that the writer had made an offer of compromise and declined to raise it, is equally inadmissible.

This is settled by this court in the case of *C. B. & Q. R. R. Co. v. Roberts,* 26 Colo. 329, where the question is ably discussed and many authorities cited in support thereof. The admission of this letter, and of the hearsay evidence in this action, constitutes reversible error.

For the foregoing reasons, the judgment will be reversed and this cause remanded to the court below for retrial in accordance with law.

                              *Reversed and remanded.*

Chief Justice Steele and Mr. Justice Campbell concur.