## MARVIN *vs.* RICHMOND and DELANO.

An admission of a fact by a party to a suit is evidence against such party, though made in a conversation respecting a compromise of the suit.
The case of *Williams* v. *Thorp,* (8 *Cowen,* 201,) overruled.

REPLEVIN, tried at the Warren circuit in October, 1843, be fore WILLARD, C. Judge.   On the trial the plaintiff called one Harris as a witness, who was objected to on the ground of interest, which the defendants undertook to prove.   For that purpose they called a witness who testified that in May preceding the trial he heard Delano, one of the defendants, ask the plaintiff if this suit could not be settled; to which the plaintiff answered, he could not settle it, for he did not know any thing about it; that it was Mr. Harris' doings, and Harris would have to foot it in the end, though commenced in his, the plaintiff's, name; that he did not know about the suit until after it was commenced. It was shown that the plaintiff was a man of wealth.   The judge rejected Harris as a witness, and the plaintiff excepted. The plaintiff then released Harris from all demands which he might have against him for damages or costs on account of this suit, or on account of the property for which the action was brought; but the judge still held him incompetent, and the plaintiff again excepted.   The plaintiff then gave evidence upon the issue, but was finally nonsuited; and he now moves for a new trial on a case.

*Ira Harris,* for the plaintiff, relied on *Williams* v. *Thorp,* (8 *Cowen,* 201,) as a direct authority to show that the evidence to prove the interest of Harris was incompetent.

*E. Pearson & A. C. Hand,* for the defendants, cited 1 *Phil. Ev.* 109, *and* 1 *Cowen & Hill's Notes,* 218.

*By the Court,* BEARDSLEY, J.   The evidence was competent against the plaintiff: it was not an offer for a compromise

Marvin *v.* Richmond.

but an unqualified admission of a fact. This is the true distinction between such statements of a party as are admissible, and such as should be rejected on the principle that men must be allowed "to buy their peace" without prejudice. "If the terms 'buy their peace' are attended to,' as is said in *Buller's N. P.*, " they will resolve all doubts on this head of evidence; but for an example I will add one case. If A. sue B. for 100*l.* and B. offer to pay him 20*l.*, it shall not be received in evidence; for this neither admits or ascertains any debt, and is no more than saying he would give 20*l.* to get rid of the action. But if an account consist of ten articles, and B. admits that a particular one is due, it is good evidence for so much." (*Bul. N. P.* 236, *Dublin ed.* 1791. *See also* 16 *Wend.* 643; 1 *Phil. Ev.* 108; *and Cowen & Hill's Notes*, 196.) The case relied on by the counsel for the plaintiff, ( *Williams* v. *Thorp*,) is certainly in principle, like the one at bar, but the authorities mentioned in Cowen and Hill's note, just referred to, prove, as I think, beyond all question, that the principle of evidence was misapplied in that case, and it ought not to be followed. As the present action was brought by Harris, without authority, and indeed without the plaintiff's knowledge, he was liable to the defendants for costs, which liability could not be removed by any release which the plaintiff could execute. Harris was an incompetent witness and was properly excluded by the judge.

New trial denied.