GARNER and NEVILLE, Plaintiffs in Error, *v.* JOSHUA MYRICK et al., Defendants in Error.

1. EVIDENCE: OFFERS TO COMPROMISE.—An offer to pay money by way of compromise, and to get rid of an action, is no evidence of a debt, and inadmissible against the party making it: the rule is otherwise, however, as to admissions of particular facts, independent of the offer to pay, though made during the pendency of a compromise.
2. WITNESS: PARTNER: COMPETENCY.—One of several persons sued as co-partners, is an incompetent witness, in favor of the plaintiff, to establish the partnership between himself and the others, he being directly interested in the recovery of a judgment against them.

IN error from the Circuit Court of Chickasaw county. Hon. Locke E. Houston, judge.

Garner and Neville, sued Joshua Myrick and W. Tompkins, and George Franks, as co-partners, upon a note made in the co-partnership name. Judgment by default was taken as to Myrick, and the suit dismissed as to Tompkins, no service ever having been had on him. Franks denied under oath, that he was a member of the firm at the time the note was made, and the cause was submitted to a jury.

On the trial, plaintiffs offered to prove by John Jay, " that pending a negotiation for a compromise, between plaintiffs and defendants, said Franks admitted, *that at the time the note was sued on,* he was a member of the firm." The court, upon objection of defendant, excluded the witness. The plaintiff then introduced the said Joshua Myrick, and offered to prove by him, that at the time of the making of said note, the said Franks was a co-partner with him, Myrick,

and Tompkins, in the said firm. The defendant objected, and the court excluded the witness.

Verdict and judgment were rendered for Franks, and plaintiffs sued out this writ of error.

*C. B. Baldwin*, for plaintiffs in error.

It is admitted, that a mere proposition for a compromise is worthless, as evidence of anything; for any one has a right to buy, or to try to buy his peace,—he may be willing to pay $100 rather than be sued for $1000 ; and the mere offer to pay $100 does not amount to an admission of liability to any extent. This is as far as the rule can be sustained. It is difficult to see on what principle the admission of a distinct fact, opposed to the interests of the party who makes it,—made, too, to his adversary, when all of the party's suspicions are aroused, and his wits are exerted to the utmost to show that the claim against him is unjust,—should be excluded from the jury, even though a compromise had been spoken of ? This never was law; and many recent American cases favor the position, that in all cases, the objection to evidence, on the ground of compromise pending at the time the admission is made, should only go to the weight, and not to the admissibility of the proof. *Grubbs* v. *Nye*, 13 S. & M. 444, and the authorities there cited. But be the rule as it may, the exception is clear, and universally admitted, that the admission of a distinct fact, though made whilst a negotiation for a compromise is pending, is admissible. *Marvin* v. *Richmond*, 3 Denio, 58; *Marsh* v. *Gold*, 2 Pick. 284; *Hartford Bridge Co.* v. *Granger*, 4 Conn. 142; *Sanborn* v. *Neilson*, 4 N. Hamp. 501; *Hamblett* v. *Hamblett*, 6 Ib. 333; 4 Pick. 374; and the case of *Grubbs* v. *Nye*, 13 S. & M. 444, above quoted.

It is respectfully submitted, that the court below also erred in excluding the evidence of J. Myrick. The authority most confidently relied on to sustain this position, is the case *Lake et al.* v. *Munford*, 4 S. & M. 318. The only difference in the facts of this case, and the one cited, is, that Culger, the partner and witness in that case, was not sued; in this, though Myrick, the partner and witness, was sued, yet he was not a party to the issue tried. Although

Myrick might have objected himself to be examined, against his own interest, yet as he did not see fit to do so, the fact of his being a party to the record did not disqualify him. 1 Phil. on Ev. 72.

*Featherston* and *Orr*, for defendants in error.

It is assigned for error, that the court below should not have excluded the testimony of Jay, who was introduced to prove the admissions of Franks, at the time the plaintiffs in error and said Franks were attempting to compromise and adjust the claim. This ruling of the court, we think well sustained both by reason and authority. It is admitted by the plaintiff in error, that what was said and done by the defendants in error pending the compromise, was properly excluded from the jury, by the court below. But it is insisted, that the admission of a distinct fact by the defendant was competent. If the rule of law as insisted on by the plaintiffs in error be correct, then it has no application to the facts in this case. The witness Jay, was introduced to prove some supposed admission of the defendant Franks, in regard to his being a member of the firm of J. Myrick & Co., made while the plaintiffs in error and said Franks were attempting to compromise the claim sued on. The admission, therefore, was not of a distinct fact, as alleged by the plaintiffs in error, but it appertained to the very question which they were trying to compromise at the time, viz.: the liability of Franks, as one of the firm of J. Myrick & Co. We understand the rule of law to be well established, that the admission of a fact connected with the merits of the cause, made by the party pending a compromise, is inadmissible; but the admission of a fact indifferent within itself, is admissible when made under the same circumstances. See 1 Phillips on Evidence, 109, seventh American edition. The admission in this case which they proposed to prove by the witness, was not indifferent, but intimately connected with the merits of the cause, and properly rejected by the court.

The second error assigned, is the exclusion by the court below of the testimony of Joshua Myrick, a member of the firm of J. Myrick & Co., who was introduced as a witness to prove, that George Franks, his co-defendant, was a member of the same firm

of J. Myrick & Co. We think this testimony was very properly excluded by the court. It is a well established rule of evidence, that a member of a partnership can never be so far divested of his interest in the firm by any act of himself and co-partners, as to be made a competent witness in a matter relating to the partnership. See *Collins* v. *Flowers*, 1 How. (Miss.) R. 26; *Lea* v. *Guice*, 13 S. &. M. 656.

The witness Myrick, being himself a member of the firm, and having let judgment by default go against him, was an incompetent witness for the plaintiffs; for being himself liable, he was interested in rendering his co-defendant, Franks, liable to contribution, of which liability the record would be evidence. The record would be evidence for him to prove the joint liability of the defendant. See Starkie on Evidence, 89, fifth American edition.

The plaintiffs having filed no replication to the plea of the defendant Franks, it is respectfully submitted, that the judgment of the court could not have been otherwise than for the defendant.

FISHER, J., delivered the opinion of the court.

The defendants below were sued as copartners upon a promissory note, signed in the name of the copartnership; and one of them denied under oath, that he was at the date of the note a member of the firm.

The plaintiffs on the trial introduced a witness, and proposed to prove by him, "that pending a negotiation for a compromise between the plaintiffs and defendant, the latter admitted, that at the time the note sued on was made, he was a partner of the firm of J. Myrick & Co." The counsel for the defendant objecting to this evidence, on the ground that it came within the rule excluding admissions made for the purpose of compromise, the court sustained the objection. The rule is thus stated by the Supreme Court of Massachusetts: " The general proposition stated in the books is, that an offer to pay money by way of compromise, and to get rid of an action, is not evidence of a debt; if the object be to buy peace, it is plain such an offer carries with it no evidence of the justice of the demand, and it would have a tendency to prevent amicable adjustments, if such offers were to be used against

the party making them." But the admission of particular facts, independent of an offer to pay, does not bear the same character. *Marsh* v. *Gold*, 2 Pick. 290. The testimony here offered comes within this latter description, and was therefore admissible.

We are of opinion, that no error was committed in excluding the evidence of the other partner. He was a party to the record, and was interested in the recovery of a judgment, in the event of the copartnership effects being insufficient to satisfy it, as he would in such event have his recourse against the other debtor, for a moiety thus paid.

Judgment reversed; *venire de novo* awarded.