R. CORNELL WHITE, Respondent, *v.* THE OLD DOMINION STEAMSHIP COMPANY, Appellant.

*Court of Appeals, April 13, 1886.*

1. *Question of fact.*—Where all the issues involved in the merits of the controversy are the subjects of conflicting and contradictory testimony, the court of appeals is not authorized to review the determination of the jury, though this court might have arrived, upon the evidence, if presented as an original question, at a different conclusion.

2. *Evidence.  Offer.*—An offer to prove a fact, already sworn to and admitted in the case, is immaterial, and properly excluded.

3. *Same.  Compromise.*—The admission of a distinct fact, which in itself tends to establish a cause of action or defense, is not rendered inadmissible from the circumstance that it was made during discussion relating to a compromise, unless it is expressly stated to be made without prejudice; but, if the admission is of such a nature that the court can see that it would not have been made, except to accomplish the results of the negotiation, and under an agreement, which can be fairly implied from the circumstances, that it is not to be used afterwards to the prejudice of the party making it, is not error for the court to exclude the evidence.

See note at end of case.

Action brought to recover damages for alleged negligence of defendant in performing a contract to tow a steamboat from Norfolk to New York.

Appeal from a judgment of the general term entered upon an order affirming a judgment in favor of plaintiff, entered upon a verdict.

*R. D. Benedict and Frank D. Sturges*, for appellant.

*Luther R. Marsh*, for respondent.

RUGER, Ch. J.—The evidence presented by the record in this case is very voluminous, having occupied the trial court nearly three weeks in its reception, and extending over a wide range of subjects, covering all the numerous issues of fact involved in the examination of questions relating to the respective negligence in the carrier of property charged with the duty of towing it upon the ocean, in the face of a storm, to a harbor or port of destination, and of the owner of such property in authorizing it to be towed, when, as it was alleged, it was in an imperfect condition, and incapable of enduring the dangers naturally to be apprehended from such a voyage. We think there was not one of the issues involved in the merits of this controversy which was not the subject of the most conflicting and contradictory testimony, and, whatever conclusion we might have arrived at upon the evidence if presented to us as an original question, we do not feel authorized to review the determination of the tribunal specially selected by law to investigate and determine such questions.

The claim is made by the appellant that as to several of the issues involved in the merits of the dispute, questions of law are presented by undisputed evidence in the case, but we are of the opinion, after a careful reading of the whole case, that this claim is unfounded, and that every such question presented upon the appellant's points was one of fact

upon which the evidence was contradictory.    It would be quite a vain and unprofitable task to enter into what must necessarily be, if attempted, a lengthy discussion of the facts in the case, and which must necessarily terminate in the proposition that such questions were exclusively for the consideration of the jury, and exempted thereby from review in this court.    They are, however, several questions, relating to exceptions taken to the admission and exclusion of evidence on the trial, which have been the subject of some discussion in our consultations, and which we deem it profitable briefly to refer to.

The first of these is an exception to the exclusion by the court of an offer to prove certain facts, upon the cross-examination of the plaintiff by defendant's counsel, which was rejected by the trial court upon the ground that it called for proof of an admission drawn from the party during the negotiation for a settlement of the controversy, and was therefore inadmissible.    The offer was as follows :    That the plaintiff "stated that he saw the customary signals up before the Rockaway was taken in tow, but that he considered it a matter of no consequence because he had seen them up repeatedly before when no storm followed."    One of the acts of negligence on the part of the defendant, which the plaintiff claimed authorized a recovery of the damages occasioned to him by the loss of the Rockaway, was that of going to sea in the face of an easterly storm, after notice thereof by the cautionary signals, and we have no means of determining the fact whether the jury did not base their verdict, to some extent, upon this act of negligence, rather than others claimed to be proved.    It is true that but little stress was laid upon this act in the course of the trial, and but little time was taken in the examination of witnesses upon it, but still the fact remains that the question was in the case, was left to the jury by the court, and might have been the basis of their verdict.    When, however, this evidence was offered, it appeared in testimony that the plaintiff had already sworn to

the fact that he did see the cautionary signals before the Rockaway was taken in tow, and so far as any material fact is embraced in the offer, it was to prove an admitted fact, and was therefore immaterial. It also appeared that the alleged admission was made during the course of a negotiation for a settlement, to which the plaintiff had been invited by the defendant's board of directors.

We are of the opinion that the character and substance of the things offered to be proved did not bring it within the exceptions to the rule excluding such admissions. There is no doubt but that the rule is well established in this country that the admission of a distinct fact which in itself tends to establish a cause of action or defense is not rendered inadmissible from the circumstance that it was made during discussion relating to a compromise, unless it is expressly stated to be made without prejudice; but if the admission is of such a nature as that the court can see it would not have been made except for the purpose of producing the objects of the negotiation, and under an agreement that could fairly be implied from the circumstances that it was not to be used afterwards to his prejudice; it is not error for the court to exclude the evidence. The rule referred to is founded upon public policy, and with a view of encouraging and facilitating the settlement of legal controversies by compromise, which object is supposed to be obstructed by the fear entertained by litigants that such a negotiation may be converted into a trap to inveigle the unwary into hazardous admissions. The law therefore excludes such admissions as appear to have been made tentatively and hypothetically, but admits those only which concede the existence of a fact. Stephens on Evidence states the rule to be that they are inadmissible "if made under circumstances from which the judge infers that the parties agreed together that evidence of it should not be given" (page 52). Wharton's most recent work on Evidence says:

" An implied admission of liability, made a part of the negotiations for a compromise, expressly for the purpose of peace (whether such admission be made under the technical proviso ' without prejudice' or not), will not be received in evidence against the party making it when its object was merely to suggest a scheme of settlement." § (1082.)

In Mead *v.* Degolyer (16 Wend. 638), it was held that an admission by the defendant to a person employed to draw up an account between the parties, with a view to settlement, that " he had agreed to pay the plaintiff eleven dollars per 1,000 feet if he would deliver all the timber originally contracted for," was made for the purpose of effecting a settlement, inadmissible ; Judge COWEN delivering a learned dissenting opinion, which was quoted from in appellant's brief. In Hartford Bridge Co. *v.* Granger (4 Conn. 142) HOSMER, C. J., says :

" The question to be considered is, what was the view and intention of the party in making the admission—whether it was to concede a fact hypothetically, in order to effect a settlement, or declare a fact really to exist."

The reason why the admission of a special fact in the course of a compremise negotiation is allowed to be proved, rests upon the obvious grounds of the improbability of a party admitting a fact going to his prejudice, intentionally or hypothetically, unless it really existed; but as to mere opinions, and loose expressions indicating the opinion of the party as to liability or exemption therefrom, they seem to come within the reasons of the rule excluding such admissions.

The admission received in Marvin *v.* Richmond (3 Denio, 58), was that of the plaintiff in the action, made upon an application by the defendant for terms of settlement. The plaintiff immediately refused to settle, saying substantially that he had no interest in the controversy, and would have nothing to do about a settlement. It is quite clear that such a declaration, made at such a time was not induced

under the expectation that it was protected by the fact that negotiations for a compromise were pending, and that the declaration was competent for the reason that no negotiations for a settlement were in fact being prosecuted. The learned judge writing in that case gives illustrations of the character of admissions which are not protected by the rule, such as the admission of a particular item in an account consisting of a number of items. If this case is authority at all upon the question it cannot extend further than to allow proof of the admission of a specific fact made during compromise negotiations.

In Moore *v.* Hitchcock (4 Wend. 298), an admission by a party that a certain item of account, which he had never legally assumed to pay, was properly charged against him, was held to be the admission of a right, and not of a fact, and not to bind the party making it. See, also, Murray *v.* Coster, 4 Cow. 635.

In this case the rejected proof was as to the opinion entertained by the plaintiff of the validity of one of the grounds of negligence alleged by him, and it might very well be that, for the purpose of establishing a basis upon which to commence or continue the discussion of the terms of a compromise, he should be willing to narrow the points for consideration or argument by tentative admissions as to the theory of the claimed liability. We think that it was no error for the trial judge to hold, under the circumstances of this case, that the admission in question was made under an implied agreement that it was not thereafter to be used against him.

It is further urged by the appellant that it was error to allow the declarations of Captain Couch, made after the loss of the Rockaway, as to the cause of such loss, to be given in evidence. There is no sufficient objection to such evidence. Similar evidence to that complained of had already been given by the witness before any objection was attempted to be made. Subsequently, when the witness

Point on Admissions made during an Attempted Compromise.

was asked, " What occurred after the loss ? " a general objection of incompetency and immateriality was made, and an exception taken to the ruling admitting the question. Some unimportant testimony was then given in answer to this question, when the plaintiff's counsel again asked, " What about going into the Delaware ? " No objection was made to the inquiry, and the witness then repeated what he had before testified to without objection on this subject. Even if the objection had been properly made, the repetition of evidence already in the case, unobjected to, would not have prejudiced the right of the defendant or affected the result.

Many other questions are raised by the appellant as to the admissibility and exclusion of evidence, and upon the instructions of the court, but we think, so far as there is any importance in them, they have been sufficiently and satisfactorily answered in the very careful, learned and exhaustive opinion delivered in the court below, and need no further discussion by us.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent.

POINT ON ADMISSIONS MADE DURING AN ATTEMPTED COMPROMISE.

Whether such admissions are competent or incompetent, when offered in evidence, depends upon the presence or absence of certain circumstances which are herein particularly designated.

In Bartlett *v.* Tarbox, 1 Abb. Ct. Ap. Dec., 120, an action was brought to recover the amount of four promissory notes made by defendant, all of which had been transferred to plaintiff after they were overdue. Before the transfer of the notes to plaintiff, his assignor and defendant had an interview at which they tried to settle. The assignor's account books were produced, and his account with the defendant looked over and examined. Defendant claimed against the assignor $75 for political services, in promoting his election to the office of district attorney, and that of his brother to the office of sheriff. Defendant said that the assignor's account was all right, and he would allow it, if the assignor would allow his. These facts,