# Matthews *v.* Farrell.

*Action of Assumpsit upon a Contract.*

1. *Action upon a contract; sufficiency of complaint.*—In an action
   upon a contract to recover for work and labor done under said
   contract, a count which claims a certain sum "as balance due
   from the defendant to plaintiff for installing the plumbing
   work" in a certain building, "under and by the terms of a
   contract executed by and between the plaintiff and the de-
   fendant" on a certain day, and which avers that the plain-
   tiff "performed all the duties enjoined upon him by the
   terms of said contract, * * * that he has installed the
   plumbing therein provided for in a good and workmanlike
   manner, and that for installing such plumbing and perform-
   ing such work, the defendant is indebted to him in the
   amount herein claimed; that he has made demand upon the
   defendant for the sum of money claimed by him since the
   completion of the work under said contract," and that the
   defendant has refused to pay him, hence this suit, states a
   cause of action for installing the plumbing work on said
   building, and sufficiently avers a performance on the part of
   the plaintiff of the contract and an indebtedness to him on
   that account by defendant.
2. *Pleading and practice; sustaining of demurrer to plea without
   injury when defendant has benefit under another plea.*—The
   sustaining of a demurrer to a plea, if erroneous, is without
   injury to the defendant, when it appears that as a matter of
   fact the defendant had the benefit of the facts alleged in
   said plea, as a defense under other pleas, upon which issue
   was joined and the trial was had.
3. *Action upon a contract; sufficiency of replication.*—In an ac-
   tion to recover an amount alleged to be due for work per-
   formed under a contract, where the defendant sets up by
   special plea that the plaintiff did not perform the work in a

Vol. 140.

[Matthews v. Farrell.]

first class and workmanlike manner, and that as a result of
the defects in the work, the property of the defendant was
injured, and that upon the plaintiff promising to remedy the
defects and put the work in first class condition, tne defend-
ant, in reliance upon such promises, accepted the work, that
acceptance was only upon the express condition that the
plaintiff would comply with his agreement to put the work
in proper condition, in accordance with his contract, but that
the plaintiff had failed and refused to comply with said
promise and agreement, and had failed to put the work in
proper condition, a replication to such special plea, which
avers that after the plaintiff had completed the work, the
defendant had accepted it and was using the same, and that,
therefore, he was liable, notwithstanding the facts set forth
in said plea, presents no answer to said special plea, and is
subject to demurrer.

4.  *Evidence; when statements made during negotiations of com-
    promise of claim, admissible in evidence.*—While, as a gen-
    eral rule, statements which are made by a party with a view
    to compromise a claim sued upon, are privileged communi-
    cations and not admissible in evidence, still, if during such
    negotiations certain facts are admitted because they are
    facts, it is competent, in a subsequent action upon the claim,
    to prove the admission of such facts.

5.  *Action upon a contract; admissibility of evidence.*—In an ac-
    tion to recover an amount alleged to be due for installing a
    heating apparatus in a building under a contract, where said
    contract did not in terms require the boiler and mains of said
    apparatus to be covered with asbestos, if a witness testifying
    as an expert, states that if the boiler and mains had been
    covered with asbestos the work done would have been a bet-
    ter job, it is competent, upon the cross-examination of such
    witness, to ask him, whether or not it was customary to
    cover the boiler and mains with asbestos, when it was not
    called for in the contract.

6.  *Evidence; general objection to question.*—Where, in the exam-
    ination of a witness, part of the question propounded is ob-
    jectionable as calling for illegal, incompetent and irrelevant
    evidence, a general objection to such question is properly
    sustained, although the other portion of the question may be
    conceded to be unobjectionable.

7.  *Same; same.*—In an action to recover the balance alleged to be
    due for work done under a contract, where the defendant
    sets up as a defense, and the evidence tends to show, that the
    work was not done in a workmanlike manner, it is not com-

petent to prove that the person who did the greater part of the work for the plaintiff, got drunk and was confined in the calaboose during the progress of the work.

8. *Action upon a contract for services performed; argument of counsel to jury.*—In an action to recover a balance due under a contract for installing a heating apparatus in a hotel, where the defendant sets up the defense and introduces evidence tending to show that the heating apparatus was not properly installed and the work in reference thereto was not done in a workmanlike manner, and that the apparatus did not heat the building and had damaged the building, and that the use of the hotel was impaired by reason of its being insufficiently heated, a statement by the attorney for the plaintiff, in his argument to the jury, that the evidence did not show that the defendant had ever abated any of the rents of his tenant on account of the heating apparatus, does not transcend the limits of legitimate argument.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

This suit was brought by the appellee, D. A. Farrell, against the appellant, T. J. Matthews. The complaint, as originally filed, contained five counts. The 1st and 5th counts were, after demurrer thereto, amended. The 1st count as amended was in fords and figures as follows: "Plaintiff claims of the defendant the sum of seven hundred, forty-six and 75-100 ($746.75) dollars, as a balance due from the defendant to the plaintiff, for installing the plumbing work in the Rex Hotel at Sylacauga, Alabama, under and by the terms of a contract executed by and between the plaintiff and the defendant on, to-wit, the 26th day of March, 1901. Plaintiff avers that he has performed all the duties enjoined upon him by the terms of said contract above referred to; that he has installed the plumbing therein provided for in good and workmanlike manner, and that for installing such plumbing and performing such work the defendant is indebted to him for the amount herein claimed; that he has made demand upon the defendant for the sum of money herein claimed of him, since the completion of the work under said contract, and by the terms thereof; that the defendant had refused to pay to him the same, hence this suit."

In the 2d count, the plaintiff sought to recover the same amount for merchandise, goods and chattels sold by him to the defendant.

In the 3d count, the plaintiff sought to recover the same sum for work and labor done.

In the 4th count, the plaintiff sought to recover the same amount as due upon an account, which was veri· fied by affidavit.

The 5th count, as amended, counted upon a contract, in which the plaintiff agreed to do certain work in connection with the installing of a heating apparatus in the hotel building and other plumbing work, and said contract is set out *in haec verba* in said count.

To the 1st count of the complaint, as amended, the defendant demurred upon the ground that it does not appear from the allegations of facts contained in said count that the defendant owes the plaintiff the sum claimed for installing the said plumbing work, and that it does not appear by the terms of said contract that the defendant owes the plaintiff for the plumbing done by the plaintiff under said contract.

To the fifth count, as amended, the defendant also demurred. These demurrers were overruled. Thereupon the defendant pleaded the general issue and several special pleas. By the 4th plea, as amended, which was interposed as a defense to the 1st and 5th counts of the complaint, the defendant set up that when the plaintiff claimed to have completed the work of putting in the heating apparatus as provided for under said contract, and the same was put into operation, it was found to be defective, and further that the plaintiff had not put up the said heating apparatus in a proper and workmanlike manner, and that the pipes leaked, and that it did not heat the building, and that the building was dam-.aged by reason of the way in which the heating apparatus was installed; and the said plea sets up the various ways in which it was alleged that said heating apparatus was put up in a defective condition, and it was then averred that the plaintiff had breached his contract, and by reason thereof the defendant had been damaged in the sum of one thousand dollars, which he offered to re-

coup against the plaintiff's demands and claimed judgment for the excess.

The 7th plea, as amended, averred the failure of the defendant to install the heating apparatus as required by the contract, and averred that the plaintiff did not put in said apparatus in a proper and workmanlike manner, and also that the defendant had been injured by reason of the many defects as alleged in said plea and as set out in the 4th plea. The 7th plea further averred that upon the defects being pointed out to the plaintiff he promised to put the said apparatus and connections in good and proper condition, if the defendant would allow the same to remain in the building, and promised to comply with his contract fully; and thereupon relying upon such promises the defendant allowed such apparatus to remain in said building, and the defendant took charge of said building after said promise by the plaintiff to put the apparatus in good condition, and was induced to do so by, and relied upon, said promises, in accepting the same; but that the defendant did not accept said apparatus and work, except upon the condition that the plaintiff would comply with his promises and agreement to put the same in proper condition and first-class order in accordance with his contract, and that the plaintiff accepted said work because of his reliance upon plaintiff's said promise. The plea then avers that the plaintiff did not comply with his promises and failed to put the heating apparatus in proper condition, and that the defendant had been greatly damaged to the extent of $2,000, which damage the defendant offered to recoup against the plaintiff's claim under said contract, and asked judgment for the excess.

To the 4th plea, as amended, the plaintiff demurred upon the ground, stated in various ways, that said plea was no answer to the complaint, and that the damages alleged could not be recouped against the plaintiff's demand. This demurrer was sustained.

To the 7th plea, as amended, the plaintiff filed several replications, among which were the following: "3d. That he perfomed the work and placed the heating ap-

paratus and furnished the other material and fixtures and did the work described in said contract, and after completing the same and installing said plumbing and heating apparatus, that he notified the said defendant and that the same was examined and tested by the defendant and was received and accepted by him, and that he has used said heating apparatus since, to-wit, the 15th day of January, 1902, and that he is now using the same, and that for this reason he is liable, notwithstanding the facts set forth in said pleas.

"4th. That upon the making of said contract, which is the contract counted upon in count 5 of said complaint and referred to in said pleas, the plaintiff with reasonable diligence installed the said heating apparatus and did the other work as therein agreed between the plaintiff and defendant under the supervision of, to-wit, E. H. Dutton, who superintended and inspected the same at the instance and request of the defendant, and that the same was placed in said building and the work done in accordance with said E. H. Dutton's directions, and after the same was completed the same was tested and received by the said Matthews and used by him and his tenants who occupy and use the said Rex Hotel, where said heating apparatus and material were installed and other work done."

To the 3d and 4th replications to the 7th plea the defendant demurred upon the ground that said replications presented no answer to the 7th plea. This demurrer was overruled. Issue was joined upon said replications.

The testimony for the plaintiff tended to show that he installed the heating plant and did all the work under said contract in a proper and workmanlike manner; that the work was done under the superintendence of the person whom it was agreed between the plaintiff and the defendant should superintend said work, and that the amount claimed was a balance due for work done under the contract and for the additional work which was done under the direction of, and by agreement with, the defendant; and that the charge for such additional work was reasonable.

The testimony for the defendant tended to show that the heating apparatus was not properly installed, and that on account of its improper installation it leaked and greatly injured the hotel, and that the defendant had been greatly damaged.

The contract under which the work was undertaken by the defendant was introduced in evidence.

During the trial, the plaintiff introduced as a witness one Ross Blackmon, Esq., who testified that he was a practicing attorney at Anniston, and that the claim sued on in this suit had been placed in his hands by the plaintiff for collection; and after he had received said claim for collection he had a personal interview with Mr. Matthews, the defendant. Thereupon the plaintiff's counsel asked to be allowed to ask the witness if there was anything said about a compromise or settlement between him and Mr. Matthews. In response to the question so asked, the witness testified that he went to Sylacauga to collect the claim and see what were the plaintiff's objections to the heating apparatus; that he stated to Mr. Matthews that he would allow any reasonable reduction on account of any defects that might exist; that thereupon they examined the building and had considerable conversation in regard to the settlement of the claim. The defendant then objected to any further testimony of this witness as to his conversation with the defendant on said occasion, upon the ground that it was shown that said conversation was had, and the statements made therein were made by the defendant in a *bona fide* effort to compromise and settle the difference between the plaintiff and the defendant, and that such conversation was not competent evidence against the defendant. The court at that time overruled the objection, stating that he did not know what would be developed by the testimony of the witness. The witness then testified that after pointing out the many defects claimed by the defendant, and after stating the several amounts that it would take to repair the said defects and put the heating apparatus in first-class condition, that the defendant stated that the total amount which it would take to put the apparatus in proper con-.

dition was $239.77; that thereupon he asked the defendant if this was all the reduction and all the damage that had been done, and the defendant stated that it was; that the witness then stated to the defendant that he would recommend to the plaintiff to accept this reduction, and that the defendant said he would pay the claim with the deductions allowed, but that the witness declined to recommend the plaintiff accepting Mr. Matthews' note for the amount due after allowing said deductions, and there was, therefore, no settlement. The defendant then moved to exclude all the testimony of such witness as to all conversations or statements made by the defendant, on the grounds above stated, and duly excepted to the court overruling his motion.

Mrs. Bloodworth was introduced as a witness for the defendant, and testified that she rented the hotel after the heating apparatus was put in, and that said heating apparatus would not heat the hotel, and that the plumbing which was in the hotel was not done in a first-class workmanlike manner, and that there were leaks in the hotel, and that there was no way of heating the hotel except by the heating apparatus, and that the said apparatus did not heat certain portions of the building at all.

Thereupon the defendant asked the witness the following question: "State whether or not you can continue to rent said hotel, or can operate the same with the steam apparatus in the condition it has been in since you have occupied it?" The plaintiff objected to this question, upon the ground that it called for immaterial, irrelevant and incompetent testimony. The court sustained the objection, and to this ruling the defendant duly excepted.

The bill of exceptions contains the following recital as to the assumption of one of the charges for the plaintiff: "Mr. J. K. Dixon, one of the attorneys for the plaintiff, who made the closing argument for that side of the case, during his argument argued to the jury that the evidence did not show that Mr. Matthews had ever abated any of the rents of his tenant, Mrs. Bloodworth, on account of this heating apparatus. To this argument the

[Matthews v. Farrell.]

defendant objected as it was being made to the jury. The court overruled the objection and allowed said attorney for the plaintiff to so argue to the jury, and to such action and ruling of the court in permitting him to make such argument to the jury, the defendant then and there duly excepted."

The other facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing his damages at $746.95.

The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

E. H. DRYER and WHITSON & GRAHAM, for appellant. The demurrer to the first count of the complaint should have been sustained.—Stephen on Pleading (Heard), pp. 333, 377; *Andrews v. Flack*, 88 Ala. 294; *H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413.

The court erred in allowing Mrs. Bloodworth to testify as to statements made by the defendant during the negotiations of the proposed compromise. "It is a general rule of law that the admissions of a party are to be taken as evidence against himself. But if they are made with a view to a compromise, the party making them will not afterwards in a court of law be concluded thereby. Most men, not of a litigious disposition, would be willing to surrender a part of what they consider to be their rights in order to adjust a controversy; and if admissions made under such circumstances could be given in evidence on the trial at law *offers of compromise would often be made with no other view than to obtain such an advantage.*"—*Wilson v. Hines*, Minor, 255; *Wood v. Wood*, 3 Ala. 756; *Jackson v. Clopton*, 66 Ala. 29; *Collier v. Coggins*, 103 Ala. 281.

The court committed error in allowing the attorney for the plaintiff in the closing speech to argue to the jury that the evidence did not show that Mr. Matthews had ever abated any of the rents of his tenant, Mrs. Bloodworth, on account of the heating apparatus. Counsel have no right to argue to a jury matters which

[Matthews v. Farrell.]

are not in evidence, and courts should stop it.—*E. T. V. & G. R. R. v. Carloss,* 77 Ala. 443; *Cross v. State,* 68 Ala. 476.

KNOX, DIXON & BURR, *contra.*—The sustaining of the demurrer to the 4th plea, if erroneous, was error without injury. The defendant interposed four or five other pleas, upon which issue was joined, and under these pleas he had the benefit of all the facts that were admissible under the 4th.

The demurrers to replications 3 and 4 were properly overruled. They were a complete answer to the pleas and presented a complete defense.—*Davis v. Badders,* 95 Ala. 348; *Elec. L. Co. v. Elder Bros.,* 115 Ala. 138; 6 Cyc. Law and Proced., 67; *Hopkinson v. Shelton,* 37 Ala. 303; 4 Mayfield's Dig., 485; 1 Chitty on Pl. 624; *Herring v. Skaggs,* 73 Ala. 446.

The testimony of the attorney for the plaintiff as to the facts admitted by defendant while the attorney was trying to compromise the claim, was admissible. Such statements were the admission of facts by the defendant.

If it be admitted that the replications were defective, the law is too well settled in this State to be questioned that any defect in these replications must be clearly pointed out by the demurrers filed.—Code of 1896, § 3303; *Browder v. Irby,* 112 Ala. 376; *Wilkie v. Johnson Laboratories,* 132 Ala. 263; *Mary Lee Coal & Ry. Co. v. Chambliss,* 97 Ala. 171; *Alabama Nat. Bank v. Halsey,* 109 Ala. 196; *Moore v. Heineke,* 119 Ala. 627.

It is true, that if "a replication purporting to answer several pleas is bad as to one it cannot be sustained," provided the demurrers filed to such replication point out the imperfections in the replication as against such plea which it seeks to answer, and which it does insufficiently answer. Otherwise the replication can and should be sustained and the demurrer overruled.—*Baine v. Wells et. al.,* 107 Ala. 562; *Weems v. Weems,* 69 Ala. 104; *Haynes v. Andrews,* 57 Ala. 374; *Alabama Nat. Bank v. Halsey,* 109 Ala. 196;

[Matthews v. Farrell.]

*Ala. Mid. R. R. Co. v. Darby & Son,* 119 Ala. 531; *Giddens v. Bolling,* 92 Ala. 586.

TYSON, J.—It does not appear inferentially or otherwise, in the first count of the complaint as amended, as seems to be contended in brief, that the demand sought to be enforced is for work performed under the contract other than for installing the plumbing work in the hotel. Besides, if it did so appear, that question is not raised by the demurrer. The count sufficiently avers a performance on the part of the plaintiff of the contract and an indebtedness to him on that account by defendant. The demurrer to the account was properly overruled.

The sustaining of the demurrer to the fourth plea, after amendment, if erroneous, was clearly without injury, since the defendant could have had, and as matter of fact did have, the benefit of the facts alleged in it after amendment under other pleas upon which issue was joined. The demurrer interposed by defendant to plaintiff's special replications numbered 3 and 4 should have been sustained. These replications were clearly no answer to the 7th plea as amended. Purporting as they do to answer several pleas, if bad as to one they cannot be sustained, if it be conceded that they are an answer to the other pleas.

At first the writer was disposed to think that the court erred in not excluding the admissions made by defendant to Blackmon upon the idea that they were made with a view to a compromise of the claim now sued on, which he, as attorney for plaintiff, at the time they were made, was attempting to collect. But after more mature reflection he has reached a different conclusion. The testimony was not subject to the objection interposed to it. As said in *Gibbs v. Wright,* 14 Ala. 467: "An offer to pay a sum of money, in order to purchase one's peace and adjust a pending or threatened litigation, if not acceded to, cannot with propriety be called an *admission,* which can only be predicated of existing facts—it is an unaccepted *proposition*—a matter in feasance, which rather negatives the present existence

of what is proposed to be done. If such an offer carry on its face the character of a peace offering, it is privileged, and cannot be used against the party making it. But where distinct facts are admitted by the proposition, or pending the negotiation, they stand upon a different ground, and for these the privilege cannot be invoked."

We think the principle last quoted applicable and must govern. Among the numerous cases cited to support this principle is *Church v. Steel's Heirs,* A. K. Marsh. 329. It is there said: "For whilst, owing to the tendency of such evidence to prevent compromises, propositions are not allowed to be introduced; yet, as to facilitate such agreements, it is not essential that the propositions should be accompanied with any admissions, such admissions, if made, ought to be received as competent evidence."

In *Hartford Bridge Co. v. Granger,* 4 Conn. 148. also cited, it is said: "It is never the intendment of the law to shut out the truth; but to repel any inference, which may arise from a proposition made, not with design to admit the existence of a fact, but merely to buy one's peace. If an admission, however, is made, *because it is a fact,* the evidence to prove it is competent, whatever motive may have prompted to the declaration. In illustration of this remark, it may be observed, that if A. offers to B. ten pounds, in satisfaction of his claim of an hundred pounds, merely to prevent a suit, or purchase tranquility; this implies no admission that any sum is due; and therefore, testimony to prove the fact must be rejected, because it evinces nothing concerning the merits of the controversy. But if A. admit a particular item in an account, or any other fact, meaning to make the admission as being true, this is good evidence, although the object of the conversation was to compromise an existing controversy." Other quotations might be indulged from the case cited by the learned judge in *Gibbs v. Wright, supra,* but these will suffice to show the principle upon which the point under consideration is ruled. For additional cases, not cited, involving this principle, see: *Bartlett v. Tarbox,* 1 Abb. Dec. (N. Y.) 120; *Mar-*

*vin v. Richmond,* 3 Denio 58; *Snow v. Batchelder,* 8 Cush. 513; *Durgin v. Somers,* 117 Mass. 55; *Garner v. Myrick,* 30 Miss. 448; *Sailor v. Hertzogg,* 2 Pa. 182.

The contract under which the plaintiff installed the heating apparatus did not in terms require the boiler and mains to be covered with asbestos. It is true it did require the apparatus to be of the best material and to be put up in the most thorough and workman-like manner, and imposed the obligation upon the plaintiff to provide everything requisite and necessary to the working and completion of the apparatus, whether such separate items were mentioned in the contract or not. Black, a witness for defendant, testified as an expert, to having examined the apparatus and gave it as his opinion that it was not properly put in and would not heat the building. In support of this opinion he said, among other things, "that if the boiler and mains had been covered with asbestos the loss of the radiation from these would have been prevented and made it a better job." On cross-examination plaintiff was permitted to ask him, against defendant's objection, "whether or not it is customary to cover the boiler and pipes with asbestos when it was not called for in the contract?" In answer to this question his reply was that it was not customary unless it was specified in the contract. In this there was no error. If, as the answer indicated, it was not customary to cover the pipes and boiler with asbestos, this was a circumstance which the plaintiff had a right to have considered by the jury in weighing the value of his opinion. The question propounded by defendant to his witness, Mrs. Bloodworth, to which an objection was sustained, was certainly bad in so far as it asked her to "state whether or not you can continue to rent said hotel?" without reference to whether the other alternative stated in the question was legal. If the latter part of the question be conceded to be unobjectionable the court was under no duty to separate the question. Nor is it of consequence that the objections interposed were general. There is obviously a difference, where as here, a part of the question is objectionable and where an objectionable part of an answer responsive to a legal question is sought

to be excluded. In the latter case a general objection will not avail to put the court in error upon the same principle announced above.—*Davis v. The State,* 131 Ala. 10.

It is true the testimony offered by defendant tended to show that the work was not done in a workman-like manner, which, however, was disputed. It is also true that it is shown that Fairburn did a greater part of the work. But all this did not make it relevant or proper to enter upon the inquiry whether Fairburn got drunk and was confined in the calaboose. These facts, if true, did not in the remotest degree tend to show that he was an incompetent mechanic. The court admitted testimony of his being frequently under the influence of whisky while actually engaged in the performance of the work. This certainly marks the limit to which the court was authorized to go. The other question propounded to defendant as a witness clearly called for a conclusion or an opinion, and we may add, for his construction of the contract. Besides, he shows by his own testimony, that he was incompetent from a lack of knowledge of what was necessary to make the apparatus a proper instrumentality to serve the purpose it was intended, to express the opinion or conclusion he was asked to state. It is also clear there was no error in refusing to allow the catalogue to be introduced in evidence.

In view of the effort on the part of defendant to show by testimony that the use of the house as a hotel was impaired by reason of being insufficiently heated, we cannot affirm that the argument of plaintiff's counsel objected to, was not legitimate.

In conclusion it may not be amiss to say that the complaint contains the common counts, and even though the plaintiff may not have performed the contract, yet, if the defendant accepted the work and it was of benefit to him, a recovery may be had for the value of the work and materials furnished.—*Davis v. Badders,* 95 Ala. 348; *Thomas v. Ellis,* 4 Ala. 108. However, as to the value of the work and materials furnished and whether of benefit to defendant, the evidence was in conflict.

Reversed and remanded.