(77 South. 733)

E. I. DU PONT DE NEMOURS POWDER CO. v. HYDE. (6 Div. 543.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied Jan. 24, 1918.)

1. TRIAL $\Longleftrightarrow$252(6) — INSTRUCTIONS — CONFORMITY WITH ISSUES.

In action for assault and false imprisonment of plaintiff, while he was trespassing, in the absence of evidence that plaintiff's companion told him that the land was posted, and trespassing thereon was prohibited, an instruction on trespassing, predicated on the companion having so told plaintiff, was properly refused.

2. ARREST $\Longleftrightarrow$64—WITHOUT WARRANT—MALICIOUS TRESPASSING—"PUBLIC OFFENSE."

If one willfully trespassed on another's land and picked blackberries thereon with malicious intent, he was guilty of a public offense, under Act 1911, p. 625, defining malicious trespassing, and under Code 1907, § 6273, permitting an arrest without warrant for public offense committed in the sight of a private person, he might properly be arrested by a watchman, employed by the owner of the land.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Offense.]

3. TRESPASS $\Longleftrightarrow$81 — CRIMINAL LIABILITY—WARNING.

A person's mere wrongful presence on the premises of another, and his wrongful picking of berries thereon, did not justify his arrest, unless followed by refusal to leave after warning.

4. TRIAL $\Longleftrightarrow$45(1)—OFFER OF PROOF—INCLUDING IMMATERIAL MATTERS.

In action for false imprisonment caused by a servant of defendant, offer to show that the servant was himself arrested on complaint of plaintiff, and that he was tried and acquitted, was bad, it being immaterial whether he was tried and acquitted, so that the whole offer was vitiated.

5. EVIDENCE $\Longleftrightarrow$151(3)—REASON FOR ACTION.

In action for false imprisonment and assault by a watchman, the watchman could not state his reason for carrying a pistol, nor the independent fact that two previous watchmen had been shot.

6. FALSE IMPRISONMENT $\Longleftrightarrow$27—EVIDENCE—ADMISSIBILITY.

In action for false imprisonment when plaintiff was arrested for trespassing, evidence that he was tried before a jury for trespassing was properly excluded.

Appeal from City Court of Birmingham; Chas. W. Ferguson, Judge.

Action by Calvin C. Hyde against the E. I. Du Pont de Nemours Powder Company, for damages for an assault with a pistol, and for false imprisonment. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Corrected and affirmed.

As it went to the jury the complaint claimed damages for an assault with a pistol, and also a false imprisonment, both committed by defendant's servant, acting within his authority. The acts constituting the alleged assault and the arrest occurred when defendant's servant found plaintiff and a companion picking blackberries on defendant's premises, and required them to leave, after demanding and receiving from them a surrender of the berries they had already picked. Besides the general issue, defendant pleaded in justification plea 2, that, at the time of the acts complained of, its agent arrested plaintiff for a public offense committed by plaintiff in his presence, and that he took plaintiff without unnecessary delay before a magistrate, and used no more force than was necessary in making said arrest. Pleas 3, 4, and 5 were substantially the same as plea 2, except that the public offense charged in plea 2 is specified as the offense of trespass after warning on the property of defendant. The trial judge refused to give for defendant the general affirmative charge on each count of the complaint, and refused also the following requested charge:

(17) If you believe from all the evidence in this case that Robinson made known to plaintiff, after or at the time the boys, Sherman and Morrow, first spoke to them, that the land of defendant was posted, and that trespassing thereon was not permitted by defendant, and if you further believe from the evidence that plaintiff did not leave said land as soon as he could reasonably do so, then the court charges you that he was trespassing after warning.

The trial judge gave plaintiff the following charge A:

While plaintiff had no right to be upon the property of defendant to pick blackberries thereon, that fact would not give any right to arrest him unless he was actually guilty of trespass after warning.

The matters of evidence sufficiently appear from the opinion.

A. G. & E. D. Smith, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

SOMERVILLE, J. The issue actually tried upon the charge of assault was whether defendant's agent presented the pistol at plaintiff with menace. And the issues actually tried upon the charge of false imprisonment were: (1) Whether plaintiff had knowledge of the posted warnings around the premises forbidding trespassing thereon; (2) whether plaintiff failed to leave the premises immediately upon the request of defendant's servant; and (3) whether plaintiff was under any duress under said servant after they left defendant's premises. The evidence being in

---

$\Longleftrightarrow$For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

conflict, all of these questions were properly submitted to the jury.

[1] There was no evidence tending to support the inference that plaintiff's companion, Robinson, told him that the land was posted and trespassing thereon forbidden. For this reason charge 17 was properly refused to defendant.

[2] Unquestionably, if plaintiff was willfully trespassing on these premises, his severing and removing of the blackberries—of less than $5 in value—with larcenous intent was a public offense (Acts 1911, p. 625), and, being committed in defendant's servant's presence, plaintiff's arrest without warrant was authorized. Code, § 6273. Had defendant requested an instruction to this effect, it would seem that its refusal would have been reversible error.

[3] But this theory of the case seems to have been completely ignored by both court and counsel, and it is safe to assume that it was unknown to the jury, and did not enter at all into their determination of the result. All of the written instructions given for defendant, and all of the testimony elicited, are centered upon the theory that the public offense charged as a basis for the alleged arrest was a trespass after warning.

Charge A given for plaintiff was obviously intended as a counter merely to those instructions, and in that sense it asserts no more than the correct proposition of law that plaintiff's mere wrongful presence on the premises, and mere wrongful picking of the berries, did not justify his arrest, unless followed by his failure to leave after warning. The instruction was free from error.

[4] Conceding, without deciding, that defendant was entitled to show that his arresting servant, Morrow, was himself thereafter arrested on the complaint of plaintiff, yet defendants' offer was to show not only that fact, but also that Morrow was tried and acquitted. The latter fact was irrelevant to this case, and rendered the whole offer bad. Matthews v. Farrell, 140 Ala. 298, 37 South. 325. Moreover, defendants' bias against Morrow was otherwise so unmistakably apparent that this ruling could scarcely have been of prejudice to defendant in any event.

[5] It was not competent for Morrow to state his reason for carrying his pistol in his walks about the premises, nor the independent fact that two previous watchmen had been shot on those premises. It was in evidence that he was the watchman and was carrying the pistol according to habit, and not with any reference to plaintiff's presence there, and this was sufficient for the issues of this case.

[6] The fact that plaintiff was tried before a justice for trespassing was not relevant to any issue of this case, and was properly excluded. There was no suggestion in the evidence of an unreasonable delay in carrying plaintiff before a justice. In fact, he was released from Morrow's custody before he was afterwards tried. Hence the question, "You were tried before Mr. Self for trespassing?" has no bearing on the question of Morrow's diligence in taking plaintiff before a justice.

The damages awarded to plaintiff are higher than the circumstances of the case warrant. We think that $250 is a fair maximum, and the judgment will be reduced to that amount, under the power given this court under the statute, subject to acceptance by the plaintiff. If plaintiff's acceptance thereof is not expressed within the time and in the mode provided by law, the judgment will be reversed and the cause remanded for another trial. Otherwise, the judgment will be affirmed as corrected.

Corrected and affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.